IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>HECTOR MALDONADO-SALINAS,<br><br>　　　　　　　Defendant. | 4:15-CR-3061<br><br>MEMORANDUM AND ORDER |

　　　This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 44) filed by the defendant, Hector Maldonado-Salinas. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

　　　A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was convicted pursuant to a guilty plea of reentry of a removed alien after an aggravated felony conviction, in violation of 8 U.S.C. § 1326. The parties entered into a plea agreement stipulating, among other things, that the defendant had previously been convicted of burglary and sentenced to not less than 36 months' nor more than 5 years' imprisonment, and that the defendant's base offense level "should be increased by 16 levels for a conviction of a felony that is a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(l)(A)(ii), resulting in a Total Offense Level of 24." Filing 22 at 2-3.

The Court found the defendant's total offense level to be 21, based on an adjusted offense level of 24 and a three-level reduction for acceptance of responsibility. Filing 43 at 1; *see* filing 39 at 7. Based on an offense level of 21 and a criminal history category of IV, the Court found the defendant's Guidelines range to be 57 to 71 months, but departed downward pursuant to the parties' plea agreement and imposed a sentence of 40 months' imprisonment. Filing 42 at 2; filing 43 at 1-2.

DISCUSSION

The sole argument presented by the defendant's § 2255 motion is that his burglary conviction should no longer be considered a "crime of violence" for purposes of § 2L1.2(b)(l)(A)(ii) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Filing 44 at 4-5, 10. But there are two problems with the defendant's argument.[1]

The first problem is that *Johnson* has no application to § 2L1.2(b)(l)(A)(ii). In *Johnson*, the Supreme Court struck down the "residual clause" of the definition of "crime of violence" contained in 18 U.S.C. § 924(e)(2)(B). 135 S. Ct. at 2563. That definition provided, in relevant part, that a "violent felony"

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

---

[1] The Court assumes for the sake of argument, without deciding, that a Sentencing Guideline can be challenged as unconstitutionally vague. *But see United States v. Wivell*, 893 F.2d 156, 159-60 (8th Cir. 1990). The Court further assumes, without deciding, that a constitutional challenge to a Sentencing Guideline is cognizable under § 2255. *But cf. Sun Bear v. United States*, 644 F.3d 700, 704-06 (8th Cir. 2011).

§ 924(e)(2)(B). The Supreme Court held that the language "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson,* 135 S. Ct. at 2563.

But § 2L1.2(b)(l)(A)(ii)—the provision at issue in this case—uses an entirely different definition. For purposes of § 2Ll.2(b)(1),

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

§ 2L1.2 cmt. n.1(B)(iii). The closest analogue to the residual clause of § 924(e)(2)(B)(ii) that can be found in § 2L1.2—"any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another"—is actually the language of § 924(e)(2)(B)(i), and was specifically used in *Johnson* as an example of language that is *not* unconstitutionally vague. *See Johnson,* 135 S. Ct. at 2557. In short, nothing in *Johnson* calls the definition of "crime of violence" found in § 2L1.2 into any question.

The other problem with the defendant's argument is that even if there was some reason to believe that the residual clause of § 2L1.2(b)(l)(A)(ii) was suspect, the defendant was not sentenced pursuant to that clause. Rather, the defendant received a 16-level enhancement to his offense conduct because he had committed the enumerated offense of burglary.[2] The defendant does not have standing to challenge any other provision of the Guideline definition. *See Musser v. Mapes,* 718 F.3d 996, 1000 (8th Cir. 2013). And *Johnson* offers him no basis for relief from the effect of his burglary conviction.

---

[2] The defendant raises no issue contesting the relationship between the enumerated offense of "burglary of a dwelling" and burglary under Nebraska law, Neb. Rev. Stat. § 28-507, nor would such an argument have merit. *See*, *United States v. Mohamed,* 623 F. App'x 839, 840 (8th Cir. 2015); *United States v. Stymiest,* 581 F.3d 759, 767-69 (8th Cir. 2009); *United States v. Medellin-Herrera,* 328 F. App'x 931, 932-33 (5th Cir. 2009). The defendant clearly burgled a dwelling. *See* filing 39 at 11-12. And in any event, allegations of simple sentencing error are not cognizable under § 2255. *See Sun Bear,* 644 F.3d at 704-06.

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 44) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 14th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge